UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRUDEL SEPULVEDA<br>    *Plaintiff,*<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>    *Defendant.* | §<br>§<br>§<br>§<br>§   [Case No. 5:17 –CV- 00168]<br>§<br>§<br>§ |

**DEFENDANT, ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit which is currently pending in the 57TH Judicial District Court, Bexar County, Texas, Cause No. 2017-CI-01222, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1332. In support, Defendant would respectfully show the Court as follows:

**I.
PARTIES**

1.  Plaintiff Brudel Sepulveda ("Plaintiff") is an individual who resides in San Antonio, Bexar County, Texas.

2.  Defendant Allstate Fire and Casualty Insurance is a foreign corporation incorporated under the laws of the State of Illinois and its principal place of business is in Cook County, Illinois.

**II.
BACKGROUND OF STATE COURT ACTION**

3.  The State Court's Record Search including Case History for this matter is attached herein. See **Exhibit A**.

{00328855}

4.     On January 23, 2017, Plaintiff filed her Original Petition styled *Brudel Sepluveda v. Allstate Fire and Casualty Insurance Company,* in the County Court at Law No. 10, Bexar County, Texas, Cause No. 2017CV00338. *See* **Exhibit B** (Original Petition).

5.     Plaintiff served Defendant on February 10, 2017, by process server through Defendant's registered agent, CT Corporation System. *See* **Exhibit C.**

6.     Defendant filed its answer to the suit on March 1, 2017, generally denying all claims. *See* **Exhibit D** (Original Answer).

7.     Plaintiff's Original Petition alleges that Plaintiff's home was struck by wind and hail storm on April 26, 2016 and that Defendant failed to train and supervise its adjuster in the inspection of Plaintiff's property, conducted a substandard investigation and inspection of Plaintiff's property, prepared a report that failed to include all of the damages present at the Plaintiff's home resulting from the April 25, 2016 storm, undervalued the damages observed during the inspection and denied and or underpaid Plaintiff's claim, and engaged in an outcome oriented investigation in an effort to underpay Plaintiff's claim. *See* **Exhibit B** at pages 2-7.

8.     Plaintiff asserts causes of action for breach of contract, noncompliance with the Texas Insurance Code by engaging in unfair settlement practices in violation of Sections 541 and 542 of the Texas Insurance Code, noncompliance with Texas Prompt Payment of Claims Act in violation of Section 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing, negligence, and gross negligence. *Id.* at pages 7-11. Plaintiffs allege Defendant acted knowingly and seeks three times her actual damages pursuant to Section 541 of the Texas Insurance Code, as well 18% interest per annum on the amount of her claim and attorney's fees pursuant to Section 542 of the Texas Insurance Code. *Id.* at page 12. Plaintiff further claims that

she is entitled to exemplary damages for Allstate's alleged breach of the duty of good faith and fair dealing.  *Id* at page 13.

9.      This Notice of Removal is timely filed within thirty (30) days after receiving notice of the suit.  *See* 28 U.S.C. § 1446(b)(1).

### III.
### GROUNDS FOR REMOVAL

10.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

*Parties are Diverse*

   a.  *Plaintiff's Citizenship*

11.     A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985).

12.     Here, Plaintiff's pleading asserts that she is a resident of Bexar County, Texas.  *See* **Exhibit B** at page 1.  Plaintiff has not pled any other facts of their residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

   b.  *Defendant Allstate Fire and Casualty Insurance Company*

13.     As to Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Allstate is a foreign corporation incorporated under

the laws of the State of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Accordingly, Allstate is a citizen of Illinois. *Id.*

### *Amount in Controversy*

14. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

15. Here, Plaintiffs' petition affirmatively seeks "monetary relief of $200,000 but not more than $1,000,000." *See* **Exhibit B**, page 2 at paragraph 4. Plaintiff further asserts that she is entitle to three times her actual damages pursuant to Section 541 of the Texas Insurance Code, as well 18% interest per annum on the amount of her claim and attorney's fees pursuant to Section 542 of the Texas Insurance Code. *Id.* at page 12. Additionally, Plaintiff claims that she is entitled to exemplary damages for Allstate's alleged breach of the duty of good faith and fair dealing. *Id* at page 13. Plaintiff's statement that she is seeking greater than $200,000 in

damages, combined with Plaintiff's claims for extra-contractual and exemplary damages make it facially apparent from the petition that Plaintiff's claim exceeds $75,000.

## IV.
## VENUE

25. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 N. Loop 1604 W, Ste. 275
San Antonio, Texas 78248
Phone: 210–598–8686
Fax: 210–598–8797

   /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 3<u>rd</u> day of March 2017, pursuant to the Federal Rules of Civil Procedure, via electronic service:

Andres A. Arguello
Clay Heald
ARGUELLO LAW FIRM
1110 NASA Parkway, Suite 620
Houston, Texas 77058
*Counsel for Plaintiff*

                                                              /s/ Robert E. Valdez
                                                        **Robert E. Valdez**