FILED
1/23/2017 7:58:32 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

CITPPS-SAC1 M/O

CAUSE NO. **2017CI01222**

| | | |
|---|---|---|
| **BRUDEL SEPULVEDA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **BEXAR COUNTY, TEXAS,** |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | 57__ **TH JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRUDEL SEPULVEDA (herein "Plaintiff") and files her PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (herein "Allstate") and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.   Plaintiff Brudel Sepulveda is an individual residing in Bexar County, Texas.

3.   Defendant Allstate is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located at 3075 Sanders Road, Suite H1a, Northbrook, Illinois 60062-7127. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Bexar County. Defendant Allstate may be

---

PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE                                          PAGE 1



Exhibit

B

served via its registered agent: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### III.   JURISDICTION

4.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.     The Court has jurisdiction over Defendant Allstate because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

### IV. VENUE

6.     Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

7.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy, with Policy No. 936940058, which was issued and sold by Allstate (hereinafter referred to as "the Policy").

8.     Plaintiff owns the insured property, which is specifically located at 7038 Autumn Park, San Antonio, Texas 78249, which is located in Bexar County, Texas (herein "the Property").

9.     On or about April 26, 2016, a severe wind and/or hail storm struck Bexar County, Texas and caused substantial damage to the Property ("the Incident"). On or about November 22, 2016, Plaintiff's independent adjuster evaluated the Property and found substantial storm-related damage covered by the policy. Specifically, the composition roof of Plaintiff's dwelling sustained damage from high winds and/or hail and requires full replacement with 3 tab-25 yr. composition shingles

(23.67 SQ) along with accompanying roof components/fixtures, such as the drip edge, valley metal, flashing-pipe jack, flashing-rain diverter, and exhaust cap. Furthermore, the exterior of the dwelling sustained significant storm-related damage, which needs repair. For example, the deck requires the following repairs: removal and replacement of cedar boards, and the priming and painting of same. Additionally, Plaintiff's estimator found that the siding and other exterior components were damaged during the storm, necessitating the following repairs: removal and replacement of the house wrap, siding, siding trim, window, and window screens. Lastly, Plaintiff's estimator assessed damage to the fence, trampoline, BBQ Pit, and swing set, that will require repair and/or replacement. Many of the above stated items will also need priming, sealing, and painting.

10.    Plaintiff submitted a claim to Defendant Allstate against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and her claim was assigned claim number 0412764623 by Defendant Allstate ("the Claim"). Plaintiff asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11.    Allstate acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

12.    Thereafter, Scott Mognet was assigned to inspect the Property and adjust the claim on behalf of Defendant State Allstate. Mr. Mognet was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, Mr. Mognet conducted a substandard inspection of Plaintiff's property. The inadequacy of Mr. Mognet's inspection is clearly evidenced by his report, which failed to account for the full extent of damages sustained by Plaintiff's insured property. Mr. Mognet's erroneous finding is entirely unsupported by the evidence – pictures and notes taken by Plaintiff's independent estimator clearly indicate marring,

hail impacts, and severe wind damage to the dwelling caused by the Incident. The highly visible nature of the aforementioned damages suggests that Mr. Mognet omitted these damages from his estimate not due to mere oversight-rather, it is highly probable that these omissions were the result of an unlawful, outcome-oriented investigation and effort to underpay Plaintiff's claim. Ultimately, Mr. Mognet's estimate did not allow for sufficient funds to cover the cost of repairs for all the damages sustained by Plaintiff. Mr. Mognet's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being improperly adjusted and undervalued.

13.     Defendant Allstate failed to adequately train and/or supervise Mognet, resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Allstate failed to thoroughly review and properly oversee the work of Mognet, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Because of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was improperly denied, resulting in damages to the Plaintiff.

14. .   Defendant Allstate set about to deny and/or underpay on properly covered damages. Allstate misrepresented to Plaintiff that Mr. Mognet's estimate included all of Plaintiff's properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy; when, in fact, Mr. Mognet's estimate failed to include many of Plaintiff's properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby partially denying payment on Plaintiff's claim. As a result of the Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been denied full coverage and suffered damages.

The mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to fully repair the Property, and has likely resulted in further damages to the dwelling. To this date, Plaintiff has yet to receive sufficient payment that they are entitled to under the Policy.

15.   As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16.   Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

17.   Defendant Allstate misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.   Defendant Allstate failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant Allstate failed to explain to Plaintiff the reasons for their partial denial of Plaintiff's full claim. Specifically, Defendant Allstate failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made. The

conduct of Defendant Allstate is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendant Allstate refused to fully compensate Plaintiff, under the terms of the Policy, even though Allstate failed to conduct a reasonable investigation. Specifically, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Allstate constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

25.     As a result of Defendants Allstate's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.     CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

26.     Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### A.   COUNT ONE: BREACH OF CONTRACT

27.     Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

28.     Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

29.     A contract exists when:  1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding.  *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

30.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

31.     Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the policy, including the payment of the premium, constitutes a breach of Allstate's insurance contract with Plaintiff.

## B. COUNT TWO: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

33.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.     Defendant Allstate 's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

35.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

36.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

38.     Plaintiff would submit that this action is not only a violation of the Texas Insurance Code §541.060, but the act of knowingly making material misrepresentations of fact or opinion, to Plaintiff by Allstate, knowing that this statement is false, constitutes fraud. Allstate made misrepresentations to Plaintiff about her case, recklessly, without any knowledge of the truth; Allstate intended that Plaintiff rely on its statements regarding the applicable coverage to the property, and Plaintiff relied on Allstate's statements regarding the same, and has sustained damages.

C.     COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

40.     Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

41.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

D.     COUNT FOUR: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

43.     Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

44.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

45.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Allstate controls entirely the evaluation, processing and denial of claims.

46.     By not inspecting the property for all of the claimed covered damages, Allstate did not inspect and evaluate Plaintiff's home as if it were their own home. Allstate's and Mr. Mognet's investigation and evaluation was not reasonable; thus, there is no reasonable basis for withholding payment for Plaintiff's covered damages. Texas courts have held that the mere fact that an insurer relies upon an expert's report to deny a claim does not automatically foreclose bad faith recovery as a matter of law. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 570 (Tex. App. 2011) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444,448 (Tex.1997)). Rather, reliance on expert reports, alone, will not necessarily shield the carrier if there is evidence that the report was not *objectively prepared* or the insurer's reliance on the report was *unreasonable. See Id.* (emphasis added) (citing *Nicolau*, 951 S.W.2d at 448). As the foregoing paragraphs establish, Mr. Mognet's report was not objectively prepared (*see supra* ¶¶ 11, 14); therefore, Allstate's reliance on his estimate was unreasonable and in violation of the duty of good faith and fair dealing. Moreover, Allstate's overall conduct in handling Plaintiff's claim was not reasonable.

47.     Therefore, Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate, through its agent, Mr.

Mognet, know or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E.   COUNT FIVE: ACTS CONSTITUTING ACTING AS AGENT

48.   Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

49.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Mr. Mognet is an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

50.   Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Mr. Mognet, including the completion of his duties under the common law and statutory law.

### F.   COUNT SIX: GROSS NEGLIGENCE

51.   Plaintiff incorporates the above paragraphs as if stated fully herein.

52.   Plaintiff is entitled to exemplary damages as a result of Defendant Allstate's breach of duties owed, as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiff.

## VII.   KNOWLEDGE

53.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.   DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     As previously mentioned, the damages caused by the April 26, 2016 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of her claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times her actual damages.  TEX. INS. CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.  REQUEST FOR DISCLOSURE

61.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant Allstate disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled.

Respectfully submitted,

ARGUELLO LAW FIRM

BY: _____
Andres A. Arguello
State Bar No. 24089970
Clay Heald
State Bar No. 24099267
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534
andres@simplyjustice.com
clay@simplyjustice.com

**COUNSEL FOR PLAINTIFF
BRUDEL SEPULVEDA**